**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Judy Shelton<br>1614 West Cris Avenue<br>Anaheim, CA 92802<br><br>　　　Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc<br>c/o CT Corporation System, Registered Agent<br>1300 East ninth Street<br>Cleveland, OH 44114<br><br>　　　Defendant. | Case No.<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around June 13, 2008, Defendant telephoned Plaintiff's neighbor ("Neighbor"), and left a message.

10. During the communication referenced in Paragraph 9, Defendant represented that Defendant needed to contact Plaintiff to discuss a matter involving Plaintiff's social security number.

11. During the communication referenced in Paragraph 9, Defendant left Defendant's telephone number and referenced a case number.

12. On or around June 15, 2008, Neighbor relayed Defendant's message to Plaintiff.

13. On or around June 16, Plaintiff telephoned Defendant.

14. During the communication referenced in Paragraph 13, Defendant represented to Plaintiff that, unless Plaintiff paid the balance of the debt that day, Defendant would take legal action against Plaintiff.

15. During the communication referenced in Paragraph 13, Defendant represented to Plaintiff that Defendant had the ability to garnish Plaintiff's wages and put a lien on Plaintiff's house.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

### COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

### COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

### COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

### COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's neighbor.

32. The threat of legal action to this party is highly offensive.

33. The information disclosed is not of legitimate concern to the public.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

36. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

37. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

38. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

39. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

41. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

>
> RESPECTFULLY SUBMITTED,
>
> MACEY & ALEMAN
>
> By: */s/ Jeffrey S. Hyslip*
> Jeffrey S. Hyslip
> Richard J. Meier
> Sears Tower
> 233 South Wacker Drive
> Suite 5150
> Chicago, IL 60606
> Tel: 866.339.1156
> Fax: 312.822.1064
> jsh@legalhelpers.com
> rjm@legalhelpers.com
> *Attorneys for Plaintiffs*